IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALLAN DEAN OWENS,                             OPINION AND ORDER

                Plaintiff,                  15-cv-489-bbc

  v.

GREGORY BALOW,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Allan Dean Owens, a prisoner at Fox Lake Correctional Institution, is proceeding on claims that defendant Gregory Balow violated his First and Eighth Amendment rights by depriving him of sleep, assaulting him and threatening him in response to grievances plaintiff filed against defendant. Plaintiff recently has filed three motions related to various issues: (1) a motion to depose defendant; (2) a motion for access to plaintiff's release account; and (3) a renewed motion for assistance with the recruitment of counsel. I am denying each of these motions for the reasons set forth below.

ORDER

A. Motion to Depose Defendant

Plaintiff's motion to depose defendant is unnecessary because plaintiff does not need the court's permission or a court order to conduct a deposition of a party. Rule 30 provides that a party may take a deposition "without leave of court." Fed. R. Civ. P. 30(a)(1). To

1

conduct a deposition, the party seeking to take the deposition simply must satisfy the notice requirements set forth in Federal Rule of Civil Procedure 30(b). If plaintiff satisfies those requirements and serves defendant Balow with notice specifying the time and place he wants the deposition to take place, Balow will be required to attend the deposition unless he obtains a protective order from the court relieving him of the obligation to attend. However, it is plaintiff's responsibility to make all of the arrangements necessary to take the deposition, including securing a court reporter and arranging for a time and place to depose Balow. The court cannot make these arrangements for plaintiff, waive any costs associated with the deposition or order other parties to do so either.

B. Motion for Access to Release Account

Plaintiff also asks the court for an order allowing him to use his release account to pay the remainder of his filing fee. This motion will be denied. The court does not have control over plaintiff's release account fund except to the extent that those funds are needed to make an initial partial payment of his filing fee. 28 U.S.C. § 1915(b)(1) ("The court shall assess . . . *an initial partial filing fee* of 20 percent of . . . the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint[.]") (emphasis added). Whether plaintiff should be allowed to use release account funds for other litigation costs is a decision left to the discretion of prison officials. Artis v. Meisner, No. 12-cv-589-wmc, 2015 WL 5749785, at *6 (W.D. Wis. Sept. 30, 2015) ("Absent some authority *requiring* the prison to disburse [plaintiff's] release account funds,

the court declines to interfere in the administration of Wisconsin state prisons in this manner, particularly when any such intervention may likewise interfere with the policies aiding the inmate's reintegration into the community[.]")(internal quotations and citations omitted). If plaintiff is not given access to his release account funds and there is an outstanding balance due on his filing fee, the district court is required by the Prisoner Litigation Reform Act to collect this fee by taking 20% of the average monthly deposits or 20% of the average monthly balance until the fee is paid in full. 28 U.S.C. § 1915(b)(2).

C. Motion for Assistance with Recruitment of Counsel

Plaintiff's motion for assistance with the recruitment of counsel will be denied as well. Before a court will assist a prisoner with the recruitment of counsel, plaintiff must establish three things: (1) he is indigent; (2) he has made a reasonable effort to find a lawyer on his own, but was either unsuccessful or prevented from making such an effort; and (3) he is incapable of continuing to represent himself given the difficulty or complexity of his claims. Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007). Plaintiff has submitted documents establishing that he is indigent. He has also demonstrated that he has made reasonable efforts to find counsel by writing to a number of lawyers and law firms, all of which have rejected his request for representation. Accordingly, the only question is whether plaintiff is capable of continuing to represent himself in this case.

After reviewing plaintiff's motion and his filings in this case, I conclude that plaintiff is capable of continuing to represent himself. First, this case is not particularly complex.

Plaintiff is suing a single guard, alleging only that the guard assaulted him and threatened him in retaliation for filing grievances. Plaintiff's suit does not appear to be the type of "complex" case that requires the assistance of counsel. He has no need for expert witnesses; there is only one defendant; and there is no apparent need for complicated discovery.

Plaintiff also complains that his imprisonment will greatly limit his ability to litigate. He says that he has limited access to the law library, limited knowledge of the law and no law clerks to assist him. However, these are common problems faced by all prisoner litigants. Thus far, plaintiff has been able to overcome these obstacles and litigate the pretrial stages of this case adequately. His filings have been well-written, easy to understand and directed at the relevant issues in the case.

Plaintiff notes that "there is DVD evidence that plaintiff cannot have access to nor can have as a prisoner." However, this argument is premature. If plaintiff believes that defendant has documents, photographs or videos relevant to his case, he should request those materials from defendant under Federal Rule of Civil Procedure 34 or request a subpoena so he can obtain those materials from the prison. Plaintiff does not need counsel to obtain these materials. If defendant or another prison official believe that plaintiff should not be permitted to review the DVD, it will be up to that official to seek a protective order from the court. If that happens, the court can address the parties' concern over giving plaintiff the DVD at that time.

Finally, it is early in this case and it is unclear what factual or legal issues might ultimately require the assistance of counsel. The court will not assist a prisoner with the

4

recruitment of counsel until it becomes clear that there are material issues in the case that the prisoner cannot navigate on his own. Therefore, the court generally will not consider assisting a prisoner with the recruitment of counsel until after the deadline for moving for summary judgment on exhaustion issues has passed and any such motions have been resolved. Because I see no reason why plaintiff cannot address issues related to exhaustion on his own, it would be premature to appoint counsel at this juncture.

For these reasons, I am denying plaintiff's motion for assistance with the recruitment of counsel. Plaintiff may renew his motion for assistance with recruitment of counsel after defendant's deadline for filing a motion for summary judgment for failing to exhaust has passed and any such motion has been addressed by the court. However, if plaintiff decides to renew his motion for assistance, he should identify the specific issues or aspects of his case that he believe he is incapable of litigating on his own.

ORDER

IT IS ORDERED that plaintiff Allan Dean Owens's motion to depose defendant, dkt. #27, motion for access to his release account, dkt. #25, and motion for assistance with the recruitment of counsel, dkt. #24, are DENIED.

Entered this 21st day of April, 2016.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge