IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLAN DEAN OWENS,

        Plaintiff,

    v.

GREGORY BALOW,

        Defendant.

OPINION AND ORDER

15-cv-489-bbc

---

Plaintiff Allan Dean Owens, a prisoner at Fox Lake Correctional Institution, is proceeding on claims that defendant Gregory Balow violated his First and Eighth Amendment rights by depriving him of sleep, assaulting him and threatening him in response to plaintiff filing grievances against defendant. Two motions related to discovery issues are pending: plaintiff's motion to compel defendant to provide certain documents and electronic materials, and defendant's motion for an order requiring the release of certain medical records. I am denying both of these motions, but am ordering plaintiff to execute the medical releases defendant needs to secure plaintiff's medical records.

Plaintiff's Motion to Compel

Plaintiff requests an order compelling defendant to produce the following materials: (1) all emails, text messages or electronic communications sent or received by defendant or his fellow prison guards related to this case; (2) copies of all complaints and grievances filed against defendant by any prisoners within the last five years; and (3) digital recordings of certain conversations that took place between plaintiff and his former girlfriend, Polly Newman, on July 5, July 6 and July 8 of 2012. I am denying plaintiff's motion in all respects.

First, defendant states that he and his lawyer have conducted keyword searches for any electronic communications related to this lawsuit and that the only responsive documents they were able to discover are documents protected against disclosure by the attorney-client privilege. Plaintiff does not contend that this search was insufficient, nor does plaintiff identify any particular electronic communications that are being wrongfully withheld. Accordingly, plaintiff's request for an order compelling the production of these materials is denied as moot.

With respect to plaintiff's request for copies of all complaints and grievances filed against defendant over the past five years, defendant states that any such documents have been produced. Plaintiff does not identify any particular grievance or complaint that is allegedly being wrongfully withheld other than the grievances he personally filed against defendant, copies of which plaintiff already possesses. Accordingly, this request is similarly being denied as moot.

Finally, I am denying plaintiff's request for the digital recordings of his conversations with Newman on the ground that plaintiff has failed to show that these recordings are relevant to the issues in this case. *See* F.R. Civ. P. 26(b)(1) (information is only subject to discovery to the extent that it is "relevant to any party's claim or defense and proportional to the needs of the case"). Plaintiff claims that on the recordings, Newman states that "a deputy gave her money twice," among other things. Even assuming that this claim is true, whether and why a deputy might have given Newman money has no apparent relevance to plaintiff's claims that defendant threatened him and deprived him of sleep in response to plaintiff's exercise of his First Amendment rights. To the extent that the court can hypothesize that Newman's statements might have impeachment value, this is too speculative and there are too many evidentiary impediments (hearsay, confusion and unfair prejudice to name a few) to require production.

B.  <u>Defendant's Motion to Compel</u>

Plaintiff claims that defendant Balow's harassment and abuse has interfered with his ability to sleep, caused him stress, anxiety, hallucinations and suicidal thoughts, and has contributed to issues with his gallbladder.  To defend himself against these claims, defendant Balow wants copies of medical records maintained by various health care providers in order to establish that plaintiff's various health issues pre-date defendant's alleged misconduct.  The specific medical records at issue are those maintained by the following five providers: (1) Wisconsin Department of Health Services; (2) Mayo Clinic Health System-Eau Claire Clinic; (3) Chippewa Valley Hospital and Oakview Care Center, Inc.; (4) Heike Pharmacy; and (5) Dr. Robert Dohlman.

The aforementioned medical records are protected against disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), so defendant asked plaintiff to sign a release form authorizing his providers to disclose the records.  Plaintiff signed this release with respect to one provider, the Mayo Clinic Health System, but has refused to sign a release with respect to the other providers because he contends that any medical records pre-dating his incarceration in Pepin County Jail are irrelevant.  Defendant then issued third-party subpoenas directly to plaintiff's other providers for whom they have not obtained releases, but unsurprisingly, these providers have refused to disclose the records out of fear that they would violate federal law.  So, defendant is now asking the court to enter an order requiring these providers to release plaintiff's records.

I am denying defendant's motion because as a matter of policy, this court will not force a party in a civil case to sign a medical or psychological records release, nor will the court compel a health care provider to release records over that party's objection.  However, plaintiff cannot

have it both ways: he cannot claim that defendant harmed him and then deny that same defendant access to health records that may be relevant to the plaintiff's alleged harm. Records that pre-date the incidents alleged still are relevant so that the defendant can determine if plaintiff already had any of the symptoms or conditions that he claims in this lawsuit resulted from defendant's behavior. If plaintiff feels strongly enough about the confidentiality of these records that he will not agree to their disclosure, then this court will honor that decision. The tradeoff, however, is that the court may dismiss or limit plaintiff's liability or damages claims to which the withheld records are relevant. *See* Fed. R. Civ. P. 37(c) (authorizing court to dismiss an action or proceeding for failure to obey an order to provide or permit discovery).

I conclude that the records defendant seeks *are* relevant to plaintiff's claims and therefore *are* subject to discovery. Plaintiff has put his mental and psychological health at issue by claiming defendant's conduct has caused him insomnia, hallucinations and other psychological problems. Records predating his time in Pepin County Jail are relevant because these medical records might show, or might lead to other evidence that might show, that plaintiff had the various mental health problems he is attributing to defendant prior to his incarceration. Accordingly, I will give plaintiff a deadline to execute a release for the medical records referenced in defendant's motion. If plaintiff refuses to execute such a release, then defendants may file a motion for sanctions under Rule 37. This motion should set forth both sides' positions on the scope of the release and should identify the sanctions to which he believes he is entitled. Plaintiff will be given an opportunity to respond, then the court will rule on an appropriate sanction, including whether any of plaintiff's claims should be dismissed.

ORDER

It is ORDERED that:

(1) Plaintiff's motion for extension of time to file a reply in support of his motion to compel, dkt. 39, is GRANTED;

(2) Plaintiff's motion to compel, dkt. 32, is DENIED;

(3) Defendant's motion to compel, dkt. 38, is DENIED.

(4) **August 29, 2016** is plaintiff's deadline to sign the releases sought by defendant.  If plaintiff chooses not sign these medical release forms, then defendant may file a motion for sanctions.

Entered this 18th day of August, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge